CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FOR ROANOKE
FEB 09 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT LEE TRENT,<br>Petitioner, | Civil Action No. 7:06CV00077 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

The petitioner, Robert Lee Trent, a federal inmate proceeding pro se, has filed a motion that the petitioner styles as a "motion for writ of habeas corpus order for immediate release." Having reviewed the motion, I believe that the motion should be construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Because the petitioner has already filed a § 2255 motion challenging the same convictions and/or sentence, the petitioner's motion must be dismissed as successive.

Court records indicate that on January 28, 1999, the petitioner was convicted of conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a). The petitioner was sentenced to a total term of imprisonment of 250 months. On November 2, 1999, the petitioner's convictions and sentence were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. The petitioner then filed a petition for writ of certiorari, which was denied by the United States Supreme Court on January 18, 2000. On November 22, 2000, the petitioner challenged his convictions and sentence in a § 2255 motion. The motion was denied on July 30, 2001. On May 16, 2005, the petitioner filed a second § 2255 motion, which was dismissed as successive.

In his present motion, the petitioner argues that the judgment order in his criminal case is

"void on its [face], a nullity, of no legal effect," and that his sentence is "void as a matter of law." Because the petitioner's motion directly attacks his conviction and sentence, I conclude that the petitioner's motion must be construed as a successive § 2255 motion. As a successive § 2255 motion, the petitioner's motion falls under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to this statute, this court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255, ¶8. Since the petitioner has not submitted any evidence of having obtained certification from the Fourth Circuit to file a successive § 2255 motion, the petitioner's current motion must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent, if known.

**ENTER:** This 9th day of February, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge

2